Electronically FILED by Superior Court of California, County of Riverside on 09/21/2023 09:52 AM
Case Number CVRI2304990 0000070787867 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

State Farm General Insurance Company, Andrea Acevedo, and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

Andrew Thompson and Heather Thompson

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Riverside Superior Court<br>*(El nombre y dirección de la corte es):*<br>4050 Main Street<br>Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>CVRI 2304990 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Evangeline F. Grossman 330 N Indian Hill Blvd., Claremont, CA 91711 (909) 626-1934

| | | | | |
|---|---|---|---|---|
| DATE: 09/21/2023<br>*(Fecha)* | | Clerk, by *Courtney Flores*<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **State Farm General Insurance Company**

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*

4. [X] by personal delivery on *(date):*

[SEAL]
GC58150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit 1**

Case 5:24-cv-00811-KK-DTB Document 1 Filed 04/17/24 Page 2 of 30 Page ID #:17

Electronically FILED by Superior Court of California, County of Riverside on 09/21/2023 09:52 AM
Case Number CVRI2304990 0000000000 - Jason B. Galkin, Executive Officer/Clerk of the Court By County Flores, Deputy Clerk

.EVANGELINE F. GROSSMAN State Bar No.176014
egrossman@efglawyer.com
TONNA K. FAXON State Bar No. 237605
tfaxon@efglawyer.com
**EVANGELINE FISHER GROSSMAN LAW**
330 North Indian Hill Boulevard
Claremont, California 91711
Telephone: (909) 626-1934
Facsimile: (909) 626-1900

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ANDREW THOMPSON AND HEATHER THOMPSON<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COPMANY, ANDREA ACEVEDO and DOES 1 to 10,<br><br>Defendants. | Case No.: CVRI2304990<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **DECLARATORY JUDGMENT**<br><br>2. **BREACH OF CONTRACT**<br><br>3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>4. **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.**<br><br>5. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP** |

## I. NATURE OF THE CASE

1. This case involves State Farm General Insurance Company's ("Defendant") breach of its duties to the California public, breach of contract and violation of the duty of good faith and fair dealing, based on its policy and practice of denying slab leak claims made by its California insureds on the false and incorrect premise that slab leaks aren't covered by its standard fire policies.

2.      On or about May 17, 2023, Andrew and Heather Thompson ("Plaintiffs") suffered a sudden and accidental water loss below their slab in their home located at 14647 Vasco Way, Moreno Valley, CA 92555-7306.

3.      At the time of the water loss, Plaintiffs were insured by Defendant under Homeowners Policy No. 75-ED-H159-7.  A true and correct copy of the Declarations page of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

## II.    THE PARTIES

4.      Plaintiffs are, and at all relevant times were, residents of Riverside County, California.

5.      Plaintiffs are informed, believe and allege that Defendant is a corporation duly organized and existing under the laws of the State of California and is authorized to transact and is transacting insurance business in the State of California.

6.      On information and belief, defendant Andrea Acevedo ("Acevedo") was, at all times relevant hereto, is an individual and was residing in the State of California.

7.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, are unknown to Plaintiffs, who therefore designates those defendants by these fictitious names. Each of the defendants sued therefore as a DOE is legally responsible in some manner for the events and happenings referred to and proximately caused the injuries suffered by Plaintiffs. Plaintiffs will amend this complaint as necessary to allege DOE defendants' identities when the same becomes known to Plaintiffs

## III.    JURISDICTION AND VENUE

8.      Jurisdiction is proper because the amount in controversy exceeds the jurisdictional minimum of this Court.

9.      Venue is proper because the insured property is located in Riverside County.

## IV.    FACTUAL BACKGROUND

10.      Upon discovery of the water loss, Plaintiffs contacted Defendant to report the loss.

11.      Plaintiffs hired Staiger Plumbing to perform a leak detection on the home to determine the source of the burst pipe.  The copper pipe burst inside a structural concrete footing

2

COMPLAINT AND DEMAND FOR JURY TRIAL        **Exhibit 1**

1    between a manifold in the living room and the water heater.  Plaintiffs took reasonable steps to

2    mitigate their loss.

3         12.    State Farm conducted no testing to determine the cause and source of the loss.

4         13.    State Farm failed to retain the services of a licensed plumber or a water mitigation

5    specialist to determine the cause of the loss.

6         14.    On June 1, 2023, Acevedo conducted a brief visual inspection of the home.  The

7    subject pipe was not visible to Acevedo, nor did Acevedo do anything to make the burst pipe

8    visible, nor did Acevedo at any time inspect or view the pipe, or have any testing conducted on the

9    pipe.

10        15.    Rather than placing the interests of its insureds ahead of its own as it is required to do

11   under state law, State Farm in fact failed and neglected to investigate the loss.

12        16.    As a result of Acevedo's report and recommendation to State Farm, State Farm

13   summarily denied the claim.

14        17.    In a letter dated June 12, 2023, State Farm denied the claim in writing by and through

15   a letter sent by Acevedo, stating in relevant part,

16   Our investigation and evaluation of your loss has determined that your damage is not
     covered by your policy. Based on my visual inspection of your property conducted on June
17   1, 2023, facts of the loss presented, and contact with your plumber, it has been determined
     that the hot water supply line under your home failed due to wear, tear, deterioration and/or
18   electrolysis.  The predominant cause of loss to the failed pipe is due to one or a combination
     of rust, electrolysis, corrosion, wear, tear and/or deterioration. The failed pipe is located
19   below the slab under the garage and kitchen areas where it was installed during the
     construction of your home; therefore, there is no coverage for any plumbing repairs or
20   resulting water damage from your failed pipe as your policy does not cover water damage
     caused by water from below the surface of the ground.
21

22   Your homeowner's policy HW-2105, specifically excludes coverage for wear, tear,
     deterioration, rot, mold, maintenance, water from below the surface of the ground and a
23   continuous or repeated seepage or leakage of water....

24        18.    The burst pipe was not physically visible for viewing, thus there was no basis for

25   Acevedo or State Farm to make any conclusion whatsoever as to the age, condition or appearance of

26   the burst pipe that caused the sudden and accidental loss.

27        19.    State Farm failed, refused and neglected to determine whether in fact the loss to

28

**17** COMPLAINT AND DEMAND FOR JURY TRIAL    **Exhibit 1**

1  Plaintiffs' home was to the "building structure" as defined in the Policy, instead summarily denying
2  the leak due to its location.

3       20.     On information and belief, for the past several years, State Farm has instituted and
4  followed a company practice of denying California water loss claims when they are located within
5  the slab of a home, or within 12 inches directly below the slab.

6       21.     On information and belief, water losses originating from within or below the slab
7  constitute a proportionately high number of water loss claims made by State Farm insureds in recent
8  years.

9       22.     State Farm cites the basis for its denial that it does not cover slab leaks, or that
10 because the leak originated below the slab, the loss is not covered.

11      23.     Alternatively, in addition to the basis for its denial of slab leak claims, State Farm
12 will cite another purported basis for the denial (such as long term leak, wear and tear or water below
13 the surface of the ground) to justify its unreasonable and bad faith denial of the water loss claim.

14      24.     The Policy (form HW-2105) insured Plaintiffs' home, and defines ***"building***
15 ***structure"*** as:

> A structure fully enclosed with permanent walls and a roof. A permanent wall or roof does not include any kind of temporary materials including but not limited to tarps, plastic sheeting, or other similar material. A structure that is otherwise fully enclosed with permanent walls and a roof, that is undergoing repairs due to a recent ***loss insured***, using material such as tarps, plastic sheeting, or other similar material, is still considered a ***building structure***.
>
> A ***building structure*** includes:
>
>     a.    the foundation supporting the structure, including:
>           (1)    slabs;
>           (2)    basement walls;
>           (3)    crawl space walls;
>           (4)    footings; and
>           (5)    gravel, stone, or sand, used as fill material and located not more than 12 inches directly below a slab described in item a.(1), including water supply lines, domestic water pipes, and sewer pipes located within this fill material; and
>     b.    wall-to-wall carpeting attached to the structure.

See Ex. A (emphasis in original).

25. Defendant owed a duty under the Policy and California law to provide coverage for Plaintiffs' slab leak water loss, and breached that duty.

## V.    FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

### (AGAINST STATE FARM GENERAL INSURANCE COMPANY AND DOES 1-10)

26. Plaintiffs refer to all preceding paragraphs and incorporate them in full in this cause of action.

27. An actual controversy exists between the Plaintiffs and the Defendant as to the legal rights and duties of the respective parties under the Policy.

28. An actual controversy exists between the Plaintiffs and the Defendant as to whether Defendant properly interprets the language of its Policy.

29. Plaintiffs, therefore bring an action for a declaration of their rights and Defendant's duties in the premises, including a determination of the question of the invalidity of Defendant's denial of Plaintiffs' claim pursuant to C.C.P. §1060 et seq.

30. Plaintiffs requests that the rights and duties set forth in this cause of action be adjudged by the Court.

31. As an insurer, Defendant was required to have undertaken a reasonable investigation of Plaintiffs' slab leak loss and provide coverage for Plaintiffs' loss because the loss occurred within the slab, and/or within the gravel, stone or sand used as fill material and located not more than 12 inches directly below the slab.  Defendant failed to do so.

32. Instead, Defendant failed to conduct a reasonable investigation into Plaintiffs' loss and summarily denied their claim utilizing excuses that it had no actual knowledge, or proof of.

33. An actual controversy has arisen and now exists between Plaintiffs and Defendant:

   a. concerning their respective rights and duties under the Policy;

   b. concerning whether Plaintiffs' slab leak was within the building structure as defined in the Policy;

   c. concerning whether Defendant failed to conduct a reasonable investigation into Plaintiffs' loss;

   d. concerning whether Defendant wrongfully fails to cover slab leak

losses in California as a matter of company policy and practice in an
attempt to lessen its financial exposure for claims and as a cost saving
measure; and

    e.   whether Defendant is responsible for covering Plaintiffs' loss.

34.    Defendant failed to give consideration in good faith to its insureds' interest, instead unreasonably and intentionally misinterpreting its policy language to support its denial of slab leaks in California.

## VI.    SECOND CAUSE OF ACTION - BREACH OF CONTRACT
### (AGAINST STATE FARM GENERAL INSURANCE COMPANY AND DOES 1-10)

35.    Plaintiffs refer to all preceding paragraphs and incorporate them in full in this cause of action.

36.    At all material times herein, Plaintiffs had a policy of insurance for their home with Defendant State Farm.

37.    Defendant's duty to provide coverage under the Policy extended to Plaintiffs' slab leak water loss. According to the contract's terms, State Farm contractually agreed to provide coverage to Plaintiffs for loss or damage to the Property arising out of a covered loss.

38.    Plaintiffs fulfilled all of their obligations under the contract. Plaintiffs paid the premiums and performed or substantially performed the promises they made under the contract, including promptly notifying State Farm of the loss. In the alternative, any obligation or requirement that they may have failed to fulfill was immaterial to State Farm's decision to enter into the contract and to State Farm's claims handling conduct.

39.    Defendant breached its duties under the Policy by failing to provide the promised insurance coverage for Plaintiffs' loss.

40.    Plaintiffs suffered damages as a direct and proximate result of Defendant's breach, including economic loss.

41.    In addition to being delayed and denied the Policy's benefits after a loss, Plaintiffs were forced to retain legal counsel to obtain the Policy benefits owed and recover for the financial losses caused by Defendant.

**20**    **Exhibit 1**

## VII.    THIRD CAUSE OF ACTION – BREACH OF THE COVENANT OF GOOD FAITH

## AND FAIR DEALING

### (AGAINST STATE FARM GENERAL INSURANCE COMPANY AND DOES 1-10)

42.    Plaintiffs refer to all preceding paragraphs and incorporate them in full in this cause of action.

43.    In every insurance policy there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the rights of the insured to receive the benefits of the policy. Because peace of mind and security are principle benefits for Plaintiffs under the Policy, State Farm owed special obligations to Plaintiffs and their claim should have been promptly processed, thoroughly investigated and paid in full. State Farm failed to do so. State Farm's pattern of unfair practices constitutes institutional bad faith and evidences a conscious course of wrongful conduct that is firmly grounded in the established company policy of State Farm.

44.    Plaintiffs are informed, believe and allege that State Farm committed institutional bad faith by other acts and omissions of which they are presently unaware but will be shown according to proof at trial.

45.    Defendant's conduct was undertaken or approved by its officers or managing agents, who are and were responsible for claims supervision, operations, communications, and decisions. This unreasonable conduct was undertaken on behalf of Defendant.

46.    Defendant had advance knowledge of the actions and conduct of said individuals and the conduct was ratified, authorized and approved by Defendant, including managing agents whose precise identities are unknown to Plaintiffs at this time and therefore identified and designated as Does 1 through 10.

47.    As a further proximate result of Defendant's unreasonable conduct, Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Defendant is liable to Plaintiffs for attorney fees, witness fees and costs of litigation reasonably necessary and incurred by them order to obtain the Policy's benefits.

48.    As a further proximate result of State Farm's unreasonable conduct Plaintiffs suffered incidental damages flowing from State Farm's breach of contract, including (but not

1  limited to) emotional distress. Plaintiffs suffered mental distress from the anxiety arising from the

2  financial deprivation traceable directly to State Farm's delay in payment of their claim. In delaying

3  insurance benefits due to Plaintiffs, State Farm substantially invaded Plaintiffs' personal property

4  interest.

5        49.      State Farm acted with oppression, malice and/or fraud in denying Plaintiffs' claim

6  under California Civil Code § 3294. State Farm intended for its conduct to cause injury to the

7  Plaintiffs; State Farm engaged in despicable conduct carried out with a willful and conscious

8  disregard of their rights. State Farm's conduct constituted an intentional misrepresentation, deceit

9  and concealment of material facts known to State Farm with the intention of depriving Plaintiffs of

10 property, legal rights and/or causing other injury. Thus, Plaintiffs is entitled to punitive damages in

11 an amount appropriate to punish or set an example of State Farm and deter future similar conduct.

12       50.      State Farm breached its duty of good faith and fair dealing owed to Plaintiffs,

13 including but not limited to, the following respects:

14              a.      Unreasonably and in bad faith, placed its own financial interests ahead

15                      of its insureds in violation of California's statutory, regulatory and

16                      common law;

17              b.      Unreasonably and in bad faith failed to give at least as much

18                      consideration to the interests of its insureds as it gave its own

19                      interests;

20              c.      Unreasonably and in bad faith failed to retain independent experts to

21                      assist in the fair, reasonable, objective and prompt investigation of the

22                      claim;

23              d.      Unreasonably and in bad faith withheld payment of sums due and

24                      owing Plaintiffs;

25              e.      Unreasonably and in bad faith failed to reasonably investigate and

26                      process Plaintiffs' claim for benefits;

27              f.      Unreasonably and in bad faith failed to objectively investigate the

28                      claim;

22

**Exhibit 1**

g.    Unreasonably and in bad faith failed to thoroughly investigate the claim;

h.    Unreasonably and in bad faith ignored evidence supporting coverage;

i.    Unreasonably and in bad faith ignored Policy language supporting coverage;

j.    Unreasonably and in bad faith failed to search diligently for evidence that supported payment of the claim;

k.    Unreasonably and in bad faith failed to provide all claim-related documents within fifteen days of request by Plaintiffs under Cal. Ins. Code §2071;

l.    Unreasonably and in bad faith delayed and/or denied Plaintiffs' claim without a genuine dispute between the parties;

m.    Unreasonably and in bad faith failed to refrain from injuring Plaintiffs' right to receive the benefits of the Policy; and

n.    Unreasonably and in bad faith compelled Plaintiffs to institute litigation to recover amounts due under the Policy.

## VIII.    FOURTH CAUSE OF ACTION - FOR VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.

### (AGAINST STATE FARM GENERAL INSURANCE COMPANY AND DOES 1-10)

51.    Plaintiffs refer to all preceding paragraphs and incorporate them in full in this cause of action.

52.    Plaintiffs brings this cause of action in a representative action as a representative, in this private attorney general action on behalf of themselves and the California general public pursuant to the California unfair competition law, Bus. & Prof. Code §§ 17200, et seq. (the "UCL").

53.    Defendant's conduct as described herein constitutes unlawful, fraudulent and unfair competition under the UCL.

54.    Members of the public who are insured by Defendant are likely to be deceived, in that they apply and pay for insurance, pay for the insurance, and after issuance of a policy to them,

1   believe they are insured.  A reasonable California consumer will reasonably believe himself or

2   herself to be insured should they suffer a water loss in their home.  But, with Defendant's practice of

3   summarily denying water losses occurring in the slab of a home, or within 12 inches below a slab of

4   a home, California State Farm insureds learn after the loss that State Farm will refuse (and has

5   refused) to cover their loss.

6       55.     With Defendant's practice of denying slab leaks, members of the public learn after

7   the water loss that there is no insurance available to them to compensate them for their losses.

8       56.     On information and belief, Defendant has engaged in the complained-of practices in

9   the past, and continues to engage in such practices.

10      57.     This action seeks to end Defendant's practices of denying slab leak claims on the

11  false premise that such claims are not covered under its standard fire insurance policies in the state

12  of California.

13      58.     As more fully alleged above, that conduct includes the following unlawful,

14  fraudulent or unfair business acts or practices:

15              a.  Collecting insurance premiums from its insureds and issuing policies

16                  without an intent to cover slab leaks;

17              b.  Instituting and maintaining a company policy and practice of

18                  summarily denying slab leak claims and/or utilizing false or

19                  inaccurate excuses for why the slab leak is not covered; and

20              c.  Issuing insurance policies to insureds and collecting premiums from

21                  the insureds, and then later denying claims made for slab leaks.

22      59.     Plaintiffs seek an injunction to halt Defendant's unfair, unlawful and fraudulent

23  practices, and seeks restitution of any ill-gotten gains obtained as a result of said violations.

24      60.     Plaintiffs seek restitution, because such a remedy is necessary to prevent the

25  described unfair practices from continuing.

26      61.     Plaintiffs seek to successfully enforce an important right affecting the public interest

27  in this action, and the necessity of private enforcement makes an award of attorneys' fees

28  appropriate to Plaintiffs as a prevailing party under C.C.P. § 1021.5.

## IX.   FIFTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH
## CONTRACTUAL RELATIONSHIP
## (AGAINST ACEVEDO)

62.    Plaintiffs refer to all preceding paragraphs and incorporate them in full in this cause of action.

63.    At all material times, Plaintiffs had a contract of insurance with State Farm.

64.    Acevedo knew of the insurance contract with State Farm.

65.    Acevedo intentionally interfered with the insurance contract between Plaintiffs and State Farm. In particular, she intentionally undertook the acts of inadequately investigating the loss, reached an immediate and unfounded determination that coverage should be denied and failed to recommend to State Farm that further review and investigation should be conducted.

66.    In doing so, Acevedo knew her conduct would result in a denial of Plaintiffs' claim; thereby, saving State Farm money and interfering with Plaintiffs' ability to receive what they were entitled to under the insurance contract.

67.    Acevedo is biased by financial interests driven by the money she receives from State Farm to adjust claims on its behalf. This bias results in an interference with the contractual relationship between Plaintiffs and State Farm.

68.    Acevedo intended to disrupt the performance of Plaintiffs' contract with State Farm.

69.    Acevedo conduct prevented State Farm's performance or made performance more difficult and in an amount less than what was due and owing.

70.    Plaintiffs were harmed by Acevedo in that as a result of Acevedo's actions, State Farm denied Plaintiffs' claim, resulting in financial loss to them.

71.    Acevedo's conduct was a substantial factor in causing Plaintiffs' harm.

/././

/././

/././

/././

/././

## PRAYER FOR RELIEF

Plaintiffs request that the Court enter judgment as follows:

### First Cause of Action – Declaratory Judgment

1.      Declaring an actual controversy has arisen and now exists between Plaintiffs and Defendant;

2.      Declaring that Defendant engaged in unlawful and improper claims handling practices by summarily denying water loss claims in whole or in part because they occurred within a slab, or within 12 inches directly below a slab;

3.      Declaring that Defendant's policy and practice of summarily denying water loss claims occurring within the slab of a home, or within 12 inches below the slab of the home is unlawful, unfair and in bad faith.

4.      Declaring that Defendant's policy and practice of failing, refusing and neglecting to determine whether in fact the loss to Plaintiffs' home was to the "building structure" as defined in the Policy, instead summarily denying the leak due to its location within the slab or beneath the slab, was in breach of the Policy and in bad faith.

5.      Declaring that coverage should be extended to Plaintiffs' claim under the Policy, and that Plaintiffs are entitled to insurance benefits to repair and return their home to pre-loss condition, as well as being entitled to other insurance benefits due and owing under the Policy.

6.      Such further relief as the Court deems just and proper.

### Second Cause of Action - Breach of Contract

7.      Damages, plus interest, including prejudgment interest and other economic and consequential damages, in an amount to be determined according to proof at the time of trial;

8.      Costs of suit incurred herein; and

9.      Such further relief as the Court deems just and proper.

### Third Cause of Action – Violation of the Duty of Good Faith and Fair Dealing

10.     Damages for wrongful denial, wrongful failure to provide benefits under the Policy, and wrongful rescission, plus interest, including prejudgment interest, in a sum to be determined at

1  the time of trial;

2      11.    Attorneys' fees, witness fees and costs of litigation incurred by Plaintiffs to obtain

3  policy benefits in an amount to be determined at trial;

4      12.    Economic and consequential damages arising out of the Defendant's unreasonable

5  failure to provide benefits under the Policy;

6      13.    Costs of suit incurred herein; and

7      14.    Such other relief as the Court deems just and proper.

8  **Fourth Cause of Action – Violation of Business & Professions Code Section 17200 et seq.**

9      15.    Entry of an injunction to enjoin Defendant's unfair, unlawful and fraudulent

10  practices;

11      16.    Entry of an order of restitution of any ill-gotten gains obtained as a result of

12  Defendant's unlawful, unfair and fraudulent acts to prevent the described practices from continuing;

13      17.    Entry of an order requiring State Farm to reopen and re-adjust all slab leak claims

14  made by Defendant's insureds whose slab leak claims were denied (partially or wholly due to the

15  loss being a slab leak) after a loss occurred;

16      18.    An award of attorneys' fees appropriate to Plaintiffs as a prevailing party under

17  C.C.P. § 1021.5; and

18      19.    Such other relief as the Court deems just and proper.

19  **Fifth Cause of Action – Intentional Interference with Contractual Relationship**

20      20.    Damages under the contract, plus interest, including prejudgment interest and other

21  economic and consequential damages, in an amount to be determined at trial;

22      21.    Costs of suit incurred herein; and

23      22.    For further relief as the Court deems just and proper.

24  Dated: September 20, 2023          EVANGELINE FISHER GROSSMAN LAW

25                                     By: _____

26                                     EVANG ELINE FISHER GROSSM AN
27                                     TONNA K. FAXON
                                       Attorneys for Plaintiff
28

1

## JURY DEMAND

2     Plaintiffs hereby demand a trial by jury.

3  Dated: September 20, 2023          EVANGELINE FISHER GROSSMAN LAW

4

By: _____

5                                   EVANGELINE FISHER GROSSMAN

6                                   TONNA K. FAXON
                                    Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Exhibit 1**

**State Farm General Insurance Company**
*A Stock Company With Home Offices in Bloomington, Illinois*

PO Box 853907
Richardson, TX 75085-3907

**State Farm**

AT2          H-23-0637-FA71  F H W
                    3200
THOMPSON, HEATHER D &
ANDREW JAMES
14647 VASCO WAY
MORENO VALLEY CA  92555-7306

## RENEWAL DECLARATIONS

**AMOUNT DUE:**                              **None**
Payment is due by  TO BE PAID BY MORTGAGEE

**Policy Number:**     75-ED-H159-7

**Policy Period:**  12 Months
**Effective Dates:** SEP 20 2022 to SEP 20 2023
The policy period begins and ends at 12:01 am standard time at the residence premises.

### Homeowners Policy

**Location of Residence Premises**
14647 VASCO WAY
MORENO VALLEY CA 92555-7306

**Your State Farm Agent**
ANGELICA BARRAZA-PENUELAS  CHFC
16380 PERRIS BLVD STE E
MORENO VALLEY CA   92551-1134

**Phone:** (951) 486-9500

| | |
|---|---|
| **Construction:** | Frame |
| **Year Built:** | 2004 |

**Roof Material:** Concrete/Clay
**Roof Installation Year:** 2004

**Automatic Renewal**

If the **POLICY PERIOD** is shown as **12 MONTHS**, this policy will be renewed automatically subject to the premiums, rules, and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lien-holder written notice in compliance with the policy provisions or as required by law.

### IMPORTANT MESSAGES

NOTICE: Information concerning changes in your policy language is included.  Please call your agent with any questions. This policy includes building code upgrade coverage of  $59,750. Refer to the Important Notice for possible terms, limits, conditions, or restrictions.
Please help us update the data used to determine your premium. Contact your agent with the year each of your home's utilities (heating/cooling, plumbing, or electrical) and roof were last updated.

#### PREMIUM

| | |
|---|---:|
| Annual Premium | $3,483.00 |
| Intervenor Fees | .38 |
| *Your premium has already been adjusted by the following:* | |
| Claim Record Discount | |
| | |
| **Total Premium** | **$3,483.38** |

Prepared   JUL 26 2022
HO 3200

*Thank you for letting us serve you.  We appreciate our business customers*

Page  1 of  4

3200  03

20  003624  H



| NAMED INSURED | MORTGAGEE AND ADDITIONAL INTERESTS |
|---|---|

THOMPSON, HEATHER D &
ANDREW JAMES

**Mortgagee**
UNITED WHOLESALE MORTGAGE
ISAOA ATIMA
PO BOX 202028          Loan Number:
FLORENCE SC 29502-2028    0136400355

**2nd Mortgagee**
US BANK NA, ISAOA/ATIMA
PO BOX 961945            Loan Number:
FORT WORTH TX 76161      00003001327648

## SECTION I - PROPERTY COVERAGES AND LIMITS

| Coverage | Limit of Liability |
|---|---|
| A Dwelling | $ 597,500 |
| Other Structures | $ 59,750 |
| B Personal Property | $ 448,125 |
| C Loss of Use | $ 179,250 |

**Additional Coverages**

| | |
|---|---|
| Arson Reward | $1,000 |
| Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money | $1,000 |
| Debris Removal | Additional 5% available/$1,000 tree debris |
| Fire Department Service Charge | $500 per occurrence |
| Fuel Oil Release | $10,000 |
| Locks and Remote Devices | $1,000 |
| Trees, Shrubs, and Landscaping | 5% of Coverage A amount/$750 per item |

## SECTION II - LIABILITY COVERAGES AND LIMITS

| Coverage | Limit of Liability |
|---|---|
| L Personal Liability (Each Occurrence) | $ 100,000 |
| Damage to the Property of Others | $ 1,000 |
| M Medical Payments to Others (Each Person) | $ 1,000 |

## INFLATION

Inflation Coverage Index: 356.7

## DEDUCTIBLES

| Section I Deductible | Deductible Amount |
|---|---|
| All Losses 1% | $ 5,975 |

## LOSS SETTLEMENT PROVISIONS

A1  Replacement Cost - Similar Construction
B1  Limited Replacement Cost - Coverage B

JUL 26 2022

e-I58B/A

HO 3000

**Exhibit 1**

75-ED-H159-7                                                                    🎔 State Farm®

## FORMS, OPTIONS, AND ENDORSEMENTS

| | |
|---|---|
| HW-2105 | Homeowners Policy |
| Option ID | Increase Dwlg up to $119,500 |
| Option OL | Ordinance/Law  10%/  $59,750 |
| Option JF | Jewelry and Furs $1,500 Each |
| | Article/$2,500 Aggregate |
| HO-2420 | Form 438bfu NS Lndr Loss Pay |
| HO-2779 | Wildfire Response End |
| HO-2362 | *State of Emergency Amendatory |
| HO-2213 | *Amendatory Endorsement |
| | *New Form Attached |

## ADDITIONAL MESSAGES

The limit of liability for this structure (Coverage A) is based on an estimate of the cost to rebuild your home, including an approximate cost for labor and materials in your area, and specific information that you have provided about your home.

**CALIFORNIA LAW REQUIRES US TO PROVIDE THE FOLLOWING NOTICE: Our records indicate that you have not purchased earthquake coverage.**

#### Other limits and exclusions may apply - refer to your policy

Your policy consists of these Declarations, the Homeowners Policy shown above, and any other forms and endorsements that apply, including those shown above as well as those issued subsequent to the issuance of this policy.

This policy is issued by the State Farm General Insurance Company.

**Participating Policy**

You are entitled to participate in a distribution of the earnings of the company as determined by our Board of Directors in accordance with the Company's Articles of Incorporation, as amended.

In Witness Whereof, the State Farm General Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yowell*                                    *Thomas Conley*
Secretary                                            President

**32**                                                        **Exhibit 1**

**State Farm®**

**Your coverage amount....**

It is up to you to choose the coverages and limits that meet your needs. We recommend that you purchase a coverage limit at least equal to the estimated replacement cost of your home. Replacement cost estimates are available from building contractors and replacement cost appraisers, or, your agent can provide an Xactware estimate using information you provide about your home. We can accept the type of estimate you choose as long as it provides a reasonable level of detail about your home. State Farm® does not guarantee that any estimate will be the actual future cost to rebuild your home. Higher limits are available at higher premiums. Lower limits are also available, which if selected may make certain coverages unavailable to you. We encourage you to periodically review your coverages and limits with your agent and to notify us of any changes or additions to your home.

JUL 28 2022

**Exhibit 1**

| POLICY NUMBER | 75-ED-H159-7 |
|---|---|

### NOTICE TO CONSUMERS - CALIFORNIA RESIDENTIAL INSURANCE DISCLOSURE

This disclosure is required by Section 10102 of the California Insurance Code. This form provides general information related to residential property insurance and is not part of your residential property insurance policy. Only the specific provisions of your policy will determine whether a particular loss is covered and the amount payable. The information provided does not preempt existing California law.

### PRIMARY FORMS OF RESIDENTIAL DWELLING COVERAGE

> **You have purchased the coverage(s) checked below. NOTE: Actual Cash Value Coverage is the most limited level of coverage listed. Guaranteed Replacement Cost is the broadest level of coverage.**

☐ **ACTUAL CASH VALUE COVERAGE** for either a total or partial loss to the structure or its contents pays the amount it would cost you to repair, rebuild, or replace the thing lost or injured, less a fair and reasonable deduction for physical depreciation based upon its condition at the time of the injury or the policy limit, whichever is less. A deduction for physical depreciation applies only to components of a structure that are normally subject to repair and replacement during the useful life of that structure.

☐ **REPLACEMENT COST COVERAGE** is intended to provide for the cost to repair or replace the damaged or destroyed dwelling, without a deduction for physical depreciation. Many policies pay only the dwelling's actual cash value until the insured has actually begun or completed repairs or reconstruction on the dwelling. Coverage only pays for replacement costs up to the limits specified in your policy.

☒ **EXTENDED REPLACEMENT COST COVERAGE** is intended to provide for the cost to repair or replace the damaged or destroyed dwelling without a deduction for physical depreciation. Many policies pay only the dwelling's actual cash value until the insured has actually begun or completed repairs or reconstruction on the dwelling. Extended Replacement Cost provides additional coverage above the dwelling limits up to a stated percentage or specific dollar amount. See your policy for the additional coverage that applies. Not available for Manufactured Home policies.

☐ **GUARANTEED REPLACEMENT COST COVERAGE** covers the full cost to repair or replace the damaged or destroyed dwelling for a covered peril regardless of the dwelling limits shown on the policy declarations page. Not available through State Farm.

☒ **BUILDING CODE UPGRADE COVERAGE,** also called Ordinance and Law coverage, is an important option that covers additional costs to repair or replace a dwelling to comply with the building codes and zoning laws in effect at the time of loss or rebuilding. These costs may otherwise be excluded by your policy. Meeting current building code requirements can add significant costs to rebuilding your home. Refer to your policy or endorsement for the specific coverage provided and coverage limits that apply.

### FIRE SAFETY-RELATED DISCOUNTS OFFERED

**Automatic Sprinkler Discount** may be available for polices on dwellings that have partial or complete fire sprinkler systems installed. Discounts may vary depending on whether the sprinkler system is complete or partial. (Applicable to Homeowners, Condominium Unitowners, Farm/Ranch, Rental Dwelling, Rental Condominium Unitowners, and Apartment)

**Construction Discount** may be available if the home is constructed with Fire-Resistive construction. This may be defined as a building with walls, floor, and roof constructed entirely of masonry or fire resistive materials with a Fire Resistance rating of not less than one hour. (Applicable to Homeowners, Farm/Ranch, Rental Dwelling, Rental Condominium Unitowners, and Apartment)

Prepared    JUL 26 2022

CONTINUED ON REVERSE SIDE

**34**                                    **Exhibit 1**

CONTINUED FROM FRONT

**Individual Risk Premium Modification** may be available for various fire mitigating elements including, but not limited to: proximity to fire station, number of fire extinguishers, ease of access to interior and/or upper floors for fire control. (Applicable to Farm/Ranch only)

**Home Alert Protection/Protective Devices Discount** may be available to customers having a home alert system or device in their home. This includes fire and burglar alarms, detection systems, and devices installed in a residence that alert the homeowner to fire or break-ins. Discounts vary based upon the type of system or equipment installed.   (Applicable to Homeowners, Condominium Unitowners, Farm/Ranch, Manufactured Home, Rental Dwelling, Rental Condominium Unitowners, and Apartment)

**READ YOUR POLICY AND POLICY DECLARATIONS PAGE CAREFULLY:** The policy declarations page shows the specific coverage limits you have purchased for your dwelling, personal property, separate structures such as detached garages, and additional living expenses. The actual policy and endorsements provide the details on extensions of coverage, limitations of coverage, and coverage conditions and exclusions. The amount of any claim payment made to you will be reduced by any applicable deductibles shown on your policy declarations page. It is important to take the time to consider whether the limits and limitations of your policy meet your needs. Contact your agent, broker, or insurance company if you have questions about what is covered or if you want to discuss your coverage options.

**INFORMATION YOU SHOULD KNOW ABOUT RESIDENTIAL DWELLING INSURANCE**

**AVOID BEING UNDERINSURED:** Insuring your home for less than its replacement cost may result in your having to pay thousands of dollars out of your own pocket to rebuild your home if it is completely destroyed. Contact your agent, broker, or insurance company immediately if you believe your policy limits may be inadequate.

**THE RESIDENTIAL DWELLING COVERAGE LIMIT:** The coverage limit on the dwelling structure should be high enough so you can rebuild your home if it is completely destroyed. Please note:

- The cost to rebuild your home is almost always different from the market value.
- Dwelling coverage limits do not cover the value of your land.
- The estimate to rebuild your home should be based on construction costs in your area and should be adjusted to account for the features of your home. These features include but are not limited to the square footage, type of foundation, number of stories, and the quality of the materials used for items such as flooring, countertops, windows, cabinetry, lighting and plumbing.
- The cost to rebuild your home should be adjusted each year to account for inflation.
- Coverage limits for contents, separate structures, additional living expenses and debris removal are usually based on a percentage of the limit for the dwelling. If your dwelling limit is too low, these coverage limits may also be too low.

You are encouraged to obtain a current estimate of the cost to rebuild your home from your insurance agent, broker, or insurance company or an independent appraisal from a local contractor, architect, or real estate appraiser. If you do obtain an estimate of replacement value, and wish to change your policy limits, contact your insurance company. While not a guarantee, a current estimate can help protect you against being underinsured.

**DEMAND SURGE:** After a widespread disaster, the cost of construction can increase dramatically as a result of the unusually high demand for contractors, building supplies and construction labor. This effect is known as demand surge. Demand surge can increase the cost of rebuilding your home. Consider increasing your coverage limits or purchasing Extended Replacement Cost coverage to prepare for this possibility.

**CHANGES TO PROPERTY:**  Changes to your property may increase its replacement cost. These changes may include the building of additions, customizing your kitchen or bathrooms, or otherwise remodeling your home. Failure to advise your insurance company of any significant changes to your property may result in your home being underinsured.

**35**

**Exhibit 1**

**EXCLUSIONS:**  Not all causes of damage are covered by common homeowners or residential fire policies. You need to read your policy to see what causes of loss or perils are not covered. Coverage for landslide is typically excluded. Some excluded perils such as earthquake or flood can be purchased as an endorsement to your policy or as a separate policy. Contact your agent, broker, or insurance company if you have a concern about any of the exclusions in your policy.

**CONTENTS (PERSONAL PROPERTY) COVERAGE DISCLOSURE:**
This disclosure form does not explain the types of contents coverage provided by your policy for items such as your furniture or clothing. Contents may be covered on either an actual cash value or replacement cost basis depending on the contract. Almost all policies include specific dollar limitations on certain property that is particularly valuable such as jewelry, art, or silverware. Contact your agent, broker or insurance company if you have any questions about your contents coverage. You should create a list of all personal property in and around your home. Pictures and video recordings also help you document your property. The list, photos, and video should be stored away from your home.

**CONSUMER ASSISTANCE**
If you have any concerns or questions, contact your agent, broker, or insurance company. You are also encouraged to contact the California Department of Insurance consumer information line at (800) 927-HELP (4357) or at www.insurance.ca.gov for free insurance assistance.

Prepared   JUL 26 2022

**Exhibit 1**

75-ED-H159-7    027899

# IMPORTANT NOTICE

## Regarding Changes to Your Policy

**HO-2362 STATE OF EMERGENCY AMENDATORY ENDORSEMENT (California)** is added to your State Farm® policy.

The following changes to your policy are effective with this policy term:

- Revisions have been made to bring language in closer alignment with California law.
  - **COVERAGE C – LOSS OF USE, Additional Living Expense** – Language has been added to provide additional six month extensions for good cause.
  - **SECTION I – LOSS SETTLEMENT, COVERAGE B – PERSONAL PROPERTY, B1 – Limited Replacement Cost Loss Settlement** – Under item 1.a.(3), language has been added to provide additional six month extensions for good cause.

The endorsement follows this notice. Please read the endorsement and place it with your policy. If you have any questions, please contact your State Farm agent.

---

*DISCLAIMER: This notice only provides a general summary of changes to your State Farm policy. This notice is not a statement of contract. This notice does not change, modify, or invalidate the provisions, terms, or conditions as set forth in your State Farm policy booklet, the most recently issued declarations, and any applicable endorsements.*

---

## STATE OF EMERGENCY AMENDATORY ENDORSEMENT (California)

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM UNITOWNERS POLICY, and RENTERS POLICY

COVERAGE C – LOSS OF USE

Item 1. is replaced by the following:

1. **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. *Our* payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for *your* household to settle elsewhere; or

   c. 24 months.

   This period of time is not limited by the expiration of this policy.

   In the event a *loss insured* relating to a state of emergency, as defined in Section 8558 of the Government Code, causes the *residence premises* to become uninhabitable, *we* shall grant an extension of up to 12 additional months, for a total of 36 months, if *you*, acting in good faith and with reasonable diligence, encounter a delay or delays in the reconstruction process that are the result of circumstances beyond *your* control. Additional extensions of six months shall be provided to *you* for

good cause. Circumstances beyond *your* control include, but are not limited to:

a. unavoidable construction permit delays;

b. lack of necessary construction materials; and

c. lack of available contractors to perform the necessary work.

*We* will not pay more than the limit of liability shown in the *Declarations* for Coverage C – Loss of Use. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

SECTION I – LOSS SETTLEMENT

COVERAGE B – PERSONAL PROPERTY

Under B1 – Limited Replacement Cost Loss Settlement, item 1.a.(3) is replaced by the following:

(3) to receive any additional payments on a replacement cost basis, *you* must complete the repair or replacement;

   (a) within 24 months from the date that *we* make the first payment toward the actual cash value of the property, or

© Copyright, State Farm Mutual Automobile Insurance Company, 2021

**37**                                    **Exhibit 1**

HO-2362C
Page 2 of 2

(b)  within 36 months from the date that *we* make the first payment toward the actual cash value of the property, if the loss relates to a state of emergency as defined in Section 8558 of the Government Code.

Additional extensions of six months shall be provided to *you* for good cause subject to the terms of Section 2051.5 of the California Insurance Code.

All other policy provisions apply.

HO-2362

©, Copyright, State Farm Mutual Automobile Insurance Company, 2021

(CONTINUED)

**38**

**Exhibit 1**

75-ED-H159-7    027900

## IMPORTANT NOTICE

### Regarding Changes to Your Policy

**HO-2213 HOMEOWNERS AMENDATORY ENDORSEMENT (California)** is added to your State Farm® policy.

Note the following changes to your policy.  Changes that broaden coverage without additional premium are effective immediately on the date first adopted in your state.  All other changes are effective with this policy term:

- **SECTION I – ADDITIONAL COVERAGES**, language has been added to describe how **COVERAGE C – LOSS OF USE, Option OL – Building Ordinance or Law**, and other **SECTION I – ADDITION-AL COVERAGES** apply to **Volcanic Action**, **Collapse**, and **Fuel Oil Release**.

- **SECTION II – ADDITIONAL COVERAGES**, under **Damage to Property of Others**, language has been added to emphasize that item 2.c. under **SECTION II – EXCLUSIONS** does not apply to the coverage provided under **Damage to Property of Others**.

- **SECTION II – EXCLUSIONS**, item 1.i. has been revised to correct a typographical error in the policy reference for definition of insured.

The endorsement follows this notice.  Please read the endorsement and place it with your policy.  If you have any questions, please contact your State Farm agent.

*DISCLAIMER: This notice only provides a general summary of changes to your State Farm policy. This notice is not a statement of contract. This notice does not change, modify, or invalidate the provisions, terms, or conditions as set forth in your State Farm policy booklet, the most recently issued declarations, and any applicable endorsements.*

## HOMEOWNERS AMENDATORY ENDORSEMENT (California)

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY

**SECTION I – PROPERTY COVERAGES**

**SECTION I – ADDITIONAL COVERAGES**

The following is added to **Volcanic Action**:

When applicable, the following coverages apply to a loss covered by Volcanic Action:

a. COVERAGE C – LOSS OF USE;

b. SECTION I – ADDITIONAL COVERAGES; and

c. Option OL – Building Ordinance or Law, only if this option is shown in the *Declarations*.

The following is added to **Collapse**:

When applicable, the following coverages apply to a loss covered by Collapse:

a. COVERAGE C – LOSS OF USE;

b. SECTION I – ADDITIONAL COVERAGES; and

c. Option OL – Building Ordinance or Law, only if this option is shown in the *Declarations*.

The following is added to Fuel Oil Release:

When applicable, the following coverages apply to a loss covered by Fuel Oil Release:

a. COVERAGE C – LOSS OF USE;

b. SECTION I – ADDITIONAL COVERAGES; and

c. Option OL – Building Ordinance or Law, only if this option is shown in the *Declarations*.

Any payments made for these coverages are included in, and not in addition to, the $10,000 limit of insurance for **Fuel Oil Release**.

**SECTION II – LIABILITY COVERAGES**

**SECTION II – ADDITIONAL COVERAGES**

The following is added to **Damage to Property of Others**:

d. Under SECTION II – EXCLUSIONS, exclusion 2.c. does not apply to the coverage provided by Damage to Property of Others.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2021

**Exhibit 1**

HO-2213C
Page 2 of 2

**SECTION II – EXCLUSIONS**

Item 1.i. is replaced by the following:

i.  *bodily injury* to any *insured* within the meaning of part 8.a., 8.b., or 8.c. of the definition of *insured*.

This exclusion also applies to any claim made or suit brought against any *insured* within the

HO-2213

meaning of part 8.a., 8.b., or 8.c. of the definition of *insured* to share damages with or repay someone else who may be obligated to pay damages because of the *bodily injury* sustained by any *insured* within the meaning of part 8.a., 8.b., or 8.c. of the definition of *insured*;

All other policy provisions apply.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2021

**40**

**Exhibit 1**

75-ED-H159-7      027901

553-4350 CA
Page 1 of 1

## IMPORTANT NOTICE

**Building Code Upgrade Coverage**

In accordance with California law, this notice pertains to terms, limits, conditions, or restrictions for building code upgrade coverage.

If your policy includes building code upgrade coverage:

- The limit for building code upgrade is stated in the Declarations as a percentage of the Coverage A limit. This is an additional amount of insurance and applies to building structures on the residence premises.

- Any payment for building code upgrade will be based on any ordinance or law, in effect at the time of the loss, regulating the construction or repair of the damaged property.

- We will not pay for any increased cost of construction due to any original or subsequent construction to a building structure that did not comply with a building, zoning, or land use ordinance or law in effect when the construction was performed.

- We will not pay more than the increased cost to repair or rebuild the building structure at the same premises, or another premises in the same general vicinity if relocation is required by ordinance or law, with the same height, floor area, and style.

*DISCLAIMER: This notice is not a statement of contract. This notice does not change, modify, or invalidate the provisions, terms, or conditions as set forth in your State Farm policy booklet, the most recently issued declarations, and any applicable endorsements.*

553-4350 CA

553-4369 CA

## NEW DISCOUNTS AVAILABLE

The following new discounts are available for homeowners who take steps to protect their home from wildfire:

- **Wildfire Mitigation Discount – Community Level**
  - A 2% basic premium adjustment is available to homeowners with property located in a community that is recognized by the NFPA Firewise USA® Program.

- **Wildfire Mitigation Discount – Property Level**
  - A 5% basic premium adjustment is available for homes that meet qualification criteria for property characteristics such as roof material, defensible space, and siding material.

If you would like to discuss the criteria for these discounts or want more information, please contact your State Farm® agent.

More information on the NFPA Firewise USA® Program can be found at https://www.nfpa.org/Public-Education/Fire-causes-and-risks/Wildfire/Firewise-USA

553-4369 CA

(CONTINUED)

Exhibit 1

553-3158 CA

## ( Important Reminder . . .

Under the Utility Rating Plan, premiums may increase when any of the utility systems (electrical, plumbing, heating, and cooling) in your dwelling insured by this policy become 40 years old. Your premiums may be reduced if you have:

(1) Completely replaced all utility systems (electrical, plumbing, heating, and cooling) in the last 40 years; or

(2) Replaced the heating equipment, air conditioning equipment, electrical service entrance and distribution panel in the last 16 years.

Please ask your State Farm® agent for details.

553-3158 CA (C)      (11/09)

553-4218 CA.1
Page 1 of 1

## IMPORTANT NOTICE

### Premium Adjustment

Insurance premiums have been adjusted to more adequately reflect expected costs. Any premium adjustment is reflected on your enclosed renewal notice and may be impacted by several factors including the coverage you have, and applicable discounts or charges.

The enclosed Renewal Declarations reflects your new premium.

We want to assure you that State Farm® works hard to offer you the best combination of cost, service, and protection. We will continue doing our best to make the most effective use of your premium dollars and give you fast, friendly service when you need it.

If you have any questions about your premium or policy coverages, please contact your State Farm agent.

553-4218 CA.1

553-4370 CA

### IMPORTANT NOTICE
### Anti-Fraud Disclosure

For your protection California law requires notification of the following disclosure:

Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

553-4370 CA

(CONTINUED)

**42**                    **Exhibit 1**

75-ED-H159-7      027902

553-2798

## IMPORTANT NOTICE . . . Discounts and Rating

The longer you are insured with State Farm® and the fewer claims you have, the lower your premium. For policyholders insured by State Farm for three or more years, the Claim Free Discount Plan provides a premium discount if you have not had any claims considered for the Plan in the most recent three-year period since becoming insured with State Farm. Premium adjustments under the Claim Record Rating Plan are based on the number of years you have been insured with State Farm and on the number of claims that we consider for the Plan. Depending on the Plan(s) that applies in your state/province, claims considered for the Plans generally include claims resulting in a paid loss and may include weather-related claims. Additionally, depending on your state/province's plan and your tenure with State Farm, any claims with your prior insurer resulting in property damage or injury may also influence your premium. For further information about whether a Claim Free Discount is in effect in your state/province, the Claim Record Rating Plan that applies in your state/province, and the claims we consider for the Plans, please contact your State Farm agent.

553-2798 (C)        (10/07)

553-4157

## NOTICE TO POLICYHOLDER

For a comprehensive description of coverages and forms, please refer to your policy.

Policy changes that you requested before the "Date Prepared" on your Renewal Declarations are effective on the renewal date of this policy unless indicated otherwise by a separate endorsement, binder or Amended Declarations Page. Any coverage forms or endorsements included with your Renewal Declarations are effective on the renewal date of this policy.

Policy changes that you requested after the "Date Prepared" on your Renewal Declarations will be sent to you as an Amended Declarations Page or as an endorsement to your policy. You will be billed for any resulting premium increase later.

If you have acquired any valuable property items, made any improvements to your home, or have questions about your insurance coverage, please contact your State Farm® agent.

553-4157 (C)

**43**                                    **Exhibit 1**